ALEXANDER SHKODITCH, JR., Respondent, v. ONE HUNDRED AND FIFTY WILLIAM STREET CORPORATION et al., Appellants and Third-Party Plaintiffs-Respondents, and ARCADE CLEANING CONTRACTORS, INC., Third-Party Defendant-Appellant.

First Department, October 25, 1962.

*Alexander Gangel* of counsel (*Michels, Gangel & Walton,* attorneys), for appellants and third-party plaintiffs-respondents.

*Raymond C. Green* of counsel (*Harry Schechter* and *Harold Klein* with him on the brief; *Joseph M. Soviero,* attorney), for third-party defendant-appellant.

*Alfred S. Julien* of counsel (*Jonathan W. Lubell* with him on the brief; *Melvin Reisler,* attorney), for respondent.

*Per Curiam.* The plaintiff, a window washer, while washing the outside of the windows on the fourth floor of premises 150 William Street, fell and was injured. He sues the One Hundred and Fifty William Street Corporation, the owner of the premises, and the other defendants who are tenants of that portion of the premises where the windows were being washed. The defendants claim over against the plaintiff's employer by way of a third-party complaint. Recovery was had by the plaintiff against the defendants, and the third-party plaintiffs recovered over against the third-party defendant employer. This appeal is brought by the defendants from the judgment entered in favor of the plaintiff against them, and by the third-party defendant from the judgment entered against it in favor of the third-party plaintiffs.

In his first cause of action the plaintiff seeks a recovery based upon the failure of the defendants to provide usable anchors, as required by section 202 of the Labor Law, on the windows that were being washed, " and to provide other safety devices approved by the Board of Standards and Appeals." In his second cause of action the plaintiff alleges the negligence of the defendant in, among other things, " failing to have a proper, safe and reasonable means to clean the windows from the outside ".

Under section 202 of the Labor Law and the pertinent regulations of the Board of Standards and Appeals the landlord, and perhaps the tenant, had the duty to see that there were supplied safety devices and equipment to be used in connection with the cleaning of the windows, which equipment and devices were free of defects. The section allows, as an alternative to the providing of anchors outside windows, any " other means * * * to enable such work to be done in a safe manner in conformity with the requirements of this chapter and the rules of the board of standards and appeals." A boatswain's chair is an accepted substitute (Industrial Code, rule 21-4). In this case the windows were being washed through the use of a boatswain's chair.

It is a cardinal rule that a defendant may not be cast in damages merely because of the happening of an accident. It must be proven that the accident occurred because of the negligence of the one sought to be charged. The plaintiff failed to establish how the accident occurred and what caused the fall of the boatswain's chair in which he was working. There was absolutely no proof to indicate that the equipment supplied was inadequate, improperly constructed or defectively maintained. Even if we were to speculate — and it would only be speculation — as to how the accident happened the only conclusion that could rea-

sonably be reached from the evidence adduced would be that the fall was in the result of an improper use of the proper equipment which was furnished. The plaintiff was not employed by either the tenants or the owner of the building. He was employed by an independent company under contract to clean the windows. The work was being done, not under the supervision of either the tenants or the owner of the building, but under the direction of the plaintiff's employer and its agents. In the circumstances there can be no liability on the part of the defendants for the injuries sustained by the plaintiff.

Accordingly, the judgment entered on October 18, 1961, in favor of the plaintiff against the defendants, and the judgment in favor of the third-party plaintiffs against the third-party defendant should be reversed on the law and the facts, with costs, and the complaint and the third-party complaint dismissed.

Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ., concur.

Judgment in favor of plaintiff against defendants, and judgment in favor of third-party plaintiffs against third-party defendant unanimously reversed on the law and the facts, with costs to appellants, and the complaint and the third-party complaint dismissed. Settle order on notice.